IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| ESTELLA ROBERTSON HARRIS-CARTER, ) | | |
| AIS #226770, ) | | |
| ) | | |
| Plaintiff, ) | | |
| ) | | |
| v. ) | CIVIL ACTION NO. 2:03-CV-1093-D | |
| ) | WO | |
| TUTWILER PRISON ADMINISTRATION, et al., ) | | |
| ) | | |
| Defendants. ) | | |

**ORDER**

This case is pending before the court on the plaintiff's complaint, the defendants' written reports and the plaintiff's response in opposition to these reports.  A review of the file in this case demonstrates that no additional documents are necessary to the disposition of the issues pending in this case.  However, the court's focus upon the merits of the plaintiff's claims for relief has been substantially compromised by the necessity of responses to several pleadings filed by the plaintiff since her submission of a response to the defendants' written reports.  As a result, the scarce judicial resources of this court have been unnecessarily diverted and taxed to the disadvantage of the plaintiff and other litigants.

Federal courts must be cognizant of conserving judicial resources.  *See Christiansen v. Clarke*, 147 F.3d 655, 658 (8th Cir. 1998); *see also Vanderberg v. Donaldson*, 259 F.3d. 1321, 1324 (11th Cir. 2001).  Although the discussions in these cases focused upon a specific

statute, 28 U.S.C. § 1915, which permits the dismissal of frivolous prisoner lawsuits,[1] the principle that courts must take reasonable steps to preserve scarce judicial resources applies beyond legal processes designed to conclude litigation. Indeed, throughout the pendency of civil litigation, the court is charged with reducing the burden on the civil justice system and on litigants themselves.

The plaintiff is advised that she is not prohibited from filing other separate lawsuits challenging actions which have occurred since the filing of the instant complaint. However, at this time, she shall file no further pleadings in this case with respect to the issues pending before the court and which she addressed in her response to the defendants' special reports. The Clerk is hereby DIRECTED to not accept for filing any additional documents submitted by the plaintiff in this cause of action

Done this 16th day of May, 2005.

/s/ Vanzetta Penn McPherson
UNITED STATES MAGISTRATE JUDGE

---

[1] A prisoner allowed to proceed *in forma pauperis* is subject to having her complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(i)-(iii) which requires the court to dismiss the action at any time if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from those entitled to immunity from such relief. The court granted the plaintiff leave to proceed *in forma pauperis* on November 18, 2004.